**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RENE A. VICTORIA RODRIGUEZ,<br><br>Petitioner,<br>v.<br><br>ANGELA HOOVER, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-03241<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner, Rene A. Victoria Rodriguez ("Victoria Rodriguez"), brings this petition for writ of habeas corpus. (Doc. 1). On November 3, 2026, Victoria Rodriguez filed the instant petition, requesting that Respondents Angela Hoover and Brian McShane[1] release him from custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania or provide a bond hearing pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d

---

[1] The proper respondent in this case is Angela Hoover ("Hoover"), Warden of the Clinton County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 552 U.S. 526, 535 (2005) (quoting 28 U.S.C. § 2252); 28 U.S.C. § 2253 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.5th 535, 555 (3d Cir. 2021) ("if a § 2251 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Victoria Rodriguez is detained at the Clinton County Correctional Facility, Hoover is the proper respondent. (Doc. 1, at ¶ 1); *see Rumsfeld*, 552 U.S. at 535. As such, Brian McShane is **DISMISSED**. However, the government will be bound by the Court's judgment because Hoover is acting as an agent of the federal government by detaining Victoria Rodriguez on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7315, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

203 (3d Cir. 2020).[2] (Doc. 1, ¶ 5). The government filed a timely response to Victoria Rodriguez's petition on November 10, 2026 (Doc. 5), and on November 12, 2026, Victoria Rodriguez filed a traverse. (Doc. 6). For the following reasons, Victoria Rodriguez's petition (Doc. 1) is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Victoria Rodriguez's petition, the government's response, Victoria Rodriguez's traverse, and the exhibits thereto. (Doc. 1; Doc. 5; Doc. 6). Victoria Rodriguez is a citizen of the Dominican Republic, who has been a lawful permanent resident of the United States since June 23, 2013. (Doc. 1, ¶¶ 11, 15; Doc. 5, at 3). On August 2, 2023, in the United States District Court for the Southern District of New York, Victoria Rodriguez pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. (Doc. 1, ¶ 15). On February 22, 2024, Victoria Rodriguez was sentenced to thirty-eight months of incarceration, followed by five years of supervised release. (Doc. 1, ¶ 16; Doc. 5, at 4). On December 3, 2025, United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") Williamsport encountered Victoria Rodriguez at the LSCI-Federal Correctional Institution Allenwood in White Deer, Pennsylvania. (Doc. 5, at 4). On December 8, 2025, ICE issued Victoria Rodriguez a notice to appear in removal proceedings. (Doc. 5, at 4; Doc. 5-3). On May 20, 2026, ICE issued an immigration detainer and took Victoria Rodriguez into custody. (Doc. 1, ¶ 17).

On March 30, 2026, Immigration Judge William McDermott ("Judge McDermott")

[2] In his petition, Victoria Rodriguez requests that attorney fees and costs be awarded to him pursuant to the Equal Access to Justice Act. (Doc. 1, at 13). The Court finds that the request for attorney's fees and costs is premature at this time.

denied Victoria Rodriguez's motion to terminate his immigration proceedings and ordered him to be removed to the Dominican Republic. (Doc. 1, ¶ 18; Doc. 5, at 4-5; Doc. 5-6). Victoria Rodriguez timely appealed his order of removal to the Board of Immigration Appeals ("BIA") on April 24, 2026, and his appeal is pending. (Doc. 1, ¶ 19; Doc. 5, at 5; Doc. 5-9). On September 8, 2026, the Department of Homeland Security (the "DHS") filed additional charges of removability against Victoria Rodriguez and a motion to remand the proceedings back to Judge McDermott for additional fact-finding. (Doc. 1, ¶ 21-22; Doc. 5, at 5). On May 20, 2026, ICE transferred Victoria Rodriguez to the Clinton County Correctional Facility, where he has remained detained for more than five months. (Doc. 1, ¶ 28; Doc. 5, at 2).

## II. LEGAL STANDARD

28 U.S.C. § 2251 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2251(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 605 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 605 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 359 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing if it determines that a

noncitizen habeas petitioner is entitled to one under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the Due Process Clause of the Fifth Amendment); *see also Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections).

## III. <u>JURISDICTION</u>

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 556 U.S. 500, 515 (2006)). 28 U.S.C. § 2251 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States. . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2251(c)(1), (3). Recently, in *Khalil v. President, United States*, 165 F.5th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act strips district courts of subject matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 165 F.5th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first

place, and the process by which removability will be determined). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil*, 165 F.5th at 278-79 (finding that length of confinement without a bond hearing claim "does not get channeled into the PFR review process"). Victoria Rodriguez's petition is soundly before the Court as Victoria Rodriguez filed the instant petition while detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process. (Doc. 1, ¶ 39); *see J. G. G.*, 605 U.S. at 672 (acknowledging that immigration-related detainees' claims "fall within the 'core' of the writ of habeas corpus") (quoting *Nance*, 597 U.S. at 167); *see also Kahlil*, 165 F.5th at 275-79.

## IV. DISCUSSION

Victoria Rodriguez requests that Hoover provide him with a bond hearing or release him from custody at the Clinton County Correctional Facility. (Doc. 1, ¶ 5). Victoria Rodriguez contends that because ICE has detained him under 8 U.S.C. § 1226(c) for over five months and his detention is likely to continue, he is entitled to a bond hearing, at which the government bears the burden of demonstrating that continued detention is warranted. (Doc. 1, ¶ 5). The government counters that Victoria Rodriguez's detention does not violate due process because the detention is pursuant to the mandatory detention provision of § 1226(c) and has not become prolonged and unreasonable. (Doc. 5, at 7).

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*,

533 U.S. 678, 693 (2001). While it is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Demore v. Kim*, 538 U.S. 510, 523 (2003). Detention of noncitizens pending their removal proceedings serves the purpose of preventing noncitizens from fleeing before or during the removal proceedings. *Demore*, 538 U.S. at 528. However, the Due Process Clause limits detention without a bond hearing to a "reasonable period." *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208 (3d Cir. 2020). Therefore, due process affords detained noncitizens a bond hearing once their detention becomes unreasonable. *Santos*, 965 F.3d at 211.

The parties do not dispute that Victoria Rodriguez is detained pursuant to 8 U.S.C. 1226(c), which provides for the mandatory detention of, among others, noncitizens convicted of certain crimes. (Doc. 1, ¶¶ 4, 37; Doc. 5, at 7); *see* 8 U.S.C. § 1226(c). Section 1226(c) "mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings*, 583 U.S. at 305. Although 8 U.S.C. § 1226(c) provides for mandatory detention and the Supreme Court has determined that "[d]etention during removal proceedings is a constitutionally permissible part of" the removal process, prolonged detention raises due process concerns. *Demore*, 538 U.S. at 531; *Santos*, 965 F.3d at 210.

Section 1226(c) immigration detainees enjoy the basic due process right to an individualized bond determination once the length of their detention before removal has become unreasonable. *Santos*, 965 F.3d at 210-11. To determine whether a noncitizen's

detention has become unreasonable, courts evaluate four factors established by the Third Circuit in *Santos*: (1) the length of the detention; (2) whether the detention is likely to continue; (3) the reasons for any delay that prolongs detention; and (5) whether the noncitizen's conditions of confinement are meaningfully different from criminal punishment. 965 F.3d at 211. The Court will evaluate each *Santos* factor to determine whether Victoria Rodriguez's detention has become unreasonable.

A. <u>Length of Detention</u>

Victoria Rodriguez contends that his approximately six months of detention has become unreasonable because it already exceeds the "roughly a month and a half" of detention contemplated in *Demore v. Kim*, 538 U.S. 510, 529-30 (2003) and it is near the period where Third Circuit courts begin applying heightened constitutional scrutiny. (Doc. 1, ¶¶ 33-34, 38). Victoria Rodriguez also contends that his detention is likely to continue well beyond a year because of the pending appeal, DHS's new charges of removability, and the DHS's intervening motion to remand his removal proceedings. (Doc. 1, ¶ 38; Doc. 6, at 2). The government counters that courts in the Third Circuit have found periods of mandatory detention longer than five months to be constitutional. (Doc. 5, at 8-9). The government further contends that Victoria Rodriguez's detention is tied to his removal proceedings and adjudication of his appeal. (Doc. 5, at 9).

The Third Circuit has identified the first *Santos* factor, duration of detention, as the "most important factor" in evaluating the reasonableness of a noncitizen's detention during removal proceedings. *Santos*, 965 F.3d at 211. While the Third Circuit has not adopted a presumption of reasonableness or unreasonableness for any duration of detention, the Third Circuit has found that detention becomes increasingly suspect after five months. *Santos*, 965

F.3d at 211 (citing *Demore*, 538 U.S. at 515; *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011)); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.5th 518, 533-35 (3d Cir. 2026) (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 569 (3d Cir. 2015)) (re-affirming that detention without opportunity for bond becomes unreasonable between six months and one year after it began).

Victoria Rodriguez has been in immigration detention at the Clinton County Correctional Facility for approximately six months. (Doc. 1, at 12; Doc. 5, at 3; Doc. 6, at 1). Because Victoria Rodriguez's length of detention is longer than the Third Circuit's five-month tipping point, Victoria Rodriguez's length of detention favors a finding of unreasonable detention. *See Santos*, 965 F.3d at 211; *see Michelin*, 169 F.5th at 533-35. Accordingly, the first *Santos* factor, duration of detention, weighs in favor of a finding of unreasonable detention.

B. LIKELIHOOD OF CONTINUED DETENTION

Victoria Rodriguez contends that without relief from the Court, his detention is likely to extend for well past one year. (Doc. 1, at 12; Doc. 6, at 2). Victoria Rodriguez provides that given the processing times for immigration appeals, his appeal is likely to continue for several months. (Doc. 1, ¶ 38; Doc. 6, at 2). Victoria Rodriguez notes that he will possibly seek an appeal to the Third Circuit depending on the BIA's removal decision, which would further prolong his mandatory detention. (Doc. 1, ¶ 38). The government avers that the second *Santos* factor, likelihood of continued detention, weighs in the government's favor because while Victoria Rodriguez's appeal is currently pending before the BIA, neither Victoria Rodriguez nor the DHS has submitted a brief. (Doc. 5, at 11); Automated Case Information, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/caseInformation (last visited November 18, 2026).

When a noncitizen's removal proceedings are unlikely to end soon, continued detention without a bond hearing weighs towards a finding of unreasonable detention. *Santos*, 965 F.3d at 211. Courts in the Third Circuit have found that an immigration detainee appealing his or her order of removal creates a likelihood of continued detention that favors granting habeas relief. *J.G.J. v. Sage*, No. 3:26-cv-706, 2026 WL 915576, at *10 (M.D. Pa. April 3, 2026) (citing *Joseph v. Warden*, No. 3:25-cv-02528, 2026 WL 597532, at *2 (M.D. Pa. Feb. 23, 2026)). Further, delays of an undefined duration continue to accrue during administrative proceedings that may be necessary following an appellate court decision. *Bah v. Doll*, No. 3:18-CV-1509, 2018 WL 6733959, at *8 (M.D. Pa. Oct. 16, 2018).

As a result of his appeal to the BIA, Victoria Rodriguez's order of removal is not yet final, and he remains in pre-order of removal detention. 8 C.F.R. § 1251.1(c); *see J.G.J. v. Sage*, 2026 WL 915576, at *10. At this time, the undersigned cannot determine precisely how long Victoria Rodriguez's removal proceedings will remain pending. Automated Case Information, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/caseInformation (last visited November 18, 2026); *see Santos*, 965 F.3d at 212; *see also J.G.J. v. Sage*, 2026 WL 915576, at *10. Victoria Rodriguez has indicated that depending on the outcome of the BIA appeal, further petition for review to the Third Circuit could follow, which would further prolong the duration of Victoria Rodriguez's removal proceedings. (Doc. 1, ¶ 38). Victoria Rodriguez also contends that the DHS's motion to remand filed on September 8, 2026, requires the BIA to determine whether additional fact-finding is necessary which could further delay his removal proceedings. (Doc. 1, ¶ 38; Doc. 6, at 2). As such, the second *Santos* factor weighs in favor of a finding of unreasonableness.

*See Santos*, 965 F.3d at 212; *see Bah*, 2018 WL 6733959, at *8; *see also J.G.J. v. Sage*, 2026 WL 915576, at *10.

C. Reasons for Delays

Victoria Rodriguez contends that delays in his removal proceedings are in part attributable to his good faith legal challenge to his order of removal. (Doc. 1, ¶ 38; Doc. 6, at 2). Victoria Rodriguez also contends that DHS has now contributed to the delay in his removal proceedings by filing a motion to remand on September 8, 2026 that includes an additional charge of removability. (Doc. 1, ¶ 38; Doc. 6, at 2). The government submits that the decision to file the motion to remand should not be viewed as weighing in favor Victoria Rodriguez. (Doc. 5, at 13). The government contends that this factor is neutral. (Doc. 5, at 13).

In evaluating the third *Santos* factor, courts look at the reasons for the delay, such as a detainee's request for continuances or bad-faith errors in the removal proceedings that caused unnecessary delay. *Santos*, 965 F.3d at 211. Courts should not hold a noncitizen's good-faith challenge to removal against him, even when his appeals or petitions for review have drawn out the proceedings. *Santos*, 965 F.3d at 211. Courts should also decline to hold legal errors against the government unless there is evidence of carelessness or bad faith. *Santos*, 965 F.3d at 211. Nevertheless, detention can still grow unreasonable in the absence of governmental bad faith. *Santos*, 965 F.3d at 211.

The Court in its August 28, 2026 memorandum concluded this factor was neutral. *Victoria Rodriguez v. Hoover*, No. 3:26-CV-02325, 2026 WL 2547279, at *4 (M.D. Pa. Aug. 28, 2026). While DHS's motion to remand was filed after the Court's decision, Victoria Rodriguez has failed to show how this was done through carelessness or bad faith. *See Santos*,

965 F.3d at 212 (citing *Diop*, 656 F.3d at 225-25) (finding unnecessary delay where an immigration judge repeatedly issued decisions that were so unclear that they required remands for clarification and the government was slow to produce evidence relevant to whether petitioner was properly detained); *see also Yirenkyi v. Hoover*, No. 3:25CV2414, 2026 WL 268230, at *4 (M.D. Pa. Feb. 2, 2026) (finding this factor neutral "because the petitioner has also not demonstrated that the government has acted in bad faith"). Likewise, Victoria Rodriguez's appeal to the BIA should not be held against him in evaluating the reasons for delay. *See Santos*, 965 F.3d at 211. Accordingly, the reasons for the delay of Victoria Rodriguez's removal proceedings are a neutral factor in weighing whether Victoria Rodriguez's detention is unreasonable.

D. Conditions of Confinement

Victoria Rodriguez refers to this Court's previous determination that the conditions at the Clinton County Correctional Facility are not meaningfully different from criminal punishment. (Doc. 1, ¶ 38; Doc. 6, at 2); *see Victoria Rodriguez v. Hoover*, No. 3:26-CV-02325, 2026 WL 2547279, at *5 (M.D. Pa. Aug. 28, 2026). Victoria Rodriguez contends that these conditions remain unchanged. (Doc. 1, ¶ 38). The government acknowledges this Court's previous finding and does not provide additional evidence to persuade the Court to depart from its previous finding. (Doc. 5, at 13).

To evaluate the conditions of confinement, courts examine whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Santos*, 965 F.3d at 211. If a noncitizen's civil detention under § 1226(c) looks penal, that shifts the scale towards finding the detention unreasonable. *Santos*, 965 F.3d at 211. The Clinton County Correctional Facility is a county jail that houses criminal detainees alongside

immigration detainees. *Yirenkyi v. Hoover*, No. 3:25-cv-2515, 2026 WL 268230, at *5-*5 (M.D. Pa. Feb. 2, 2026); *Dong v. Hoover*, No. 1:25-cv-8s, 2026 WL 711692, at *5 (M.D. Pa. March 13, 2026). This Court in its August 28, 2026, memorandum previously concluded that Victoria Rodriguez's detention at the Clinton County Correctional Facility is not meaningfully different from criminal punishment. *Victoria Rodriguez v. Hoover*, No. 3:26-CV-02325, 2026 WL 2547279, at *5 (M.D. Pa. Aug. 28, 2026). As such, the Court finds the conditions have remained unchanged and Victoria Rodriguez's conditions of confinement to be indistinguishable from criminal punishment, weighing in favor of unreasonable detention.

## V. CONCLUSION

Taking the four *Santos* factors together, Victoria Rodriguez's detention has become unreasonable and violates due process. Accordingly, Victoria Rodriguez's petition for writ of habeas corpus (Doc. 1) is **GRANTED**. The appropriate remedy is for Victoria Rodriguez to be afforded a bond hearing, in which the government bears the burden of proof to justify Victoria Rodriguez's detention with clear and convincing evidence. *Santos*, 965 F.3d at 213. The Court **ORDERS** a bond hearing to be held before an Immigration Judge within **fourteen days** of this Memorandum and Order. The Clerk of Court is instructed to close this matter. Should the government fail to provide Victoria Rodriguez with a constitutionally adequate bond hearing, he may move to reopen this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: November 25, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**